IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| UNITED STATES OF AMERICA, | Crim. No. 99-60031-HO |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| DAVID C. WAMHOFF, | |
| Defendant. | |

Defendant filed a motion to vacate, set aside or correct his federal sentence, alleging that the court enhanced his sentence in violation of the Sixth Amendment right to trial by jury, based on conduct not admitted but found by the court by a preponderance of the evidence. Def's Mot. at 5. The government argues that defendant waived his right to collaterally attack his sentence, defendant's motion is time-barred, and the Supreme Court decisions upon which defendant's motion is based do not apply retroactively on collateral review.

///

## Discussion

As an initial matter, defendant stipulates that he filed his motion for relief well beyond the one-year time limit of 28 U.S.C. § 2255.[1] Defendant argues, however, that the time limit is unconstitutional because it (1) "terminates the right to file a writ of habeas corpus after one year[,] which the constitution does not provide for and the founding fathers did not envision," and (2) creates two classes of defendants, one with a right to relief promised by the Due Process Clause of the Fifth Amendment, and one without. Although defendant contends that his "termination" argument is distinct from the argument rejected by the Ninth Circuit that the limitations of Section 2255 violate the Suspension Clause, the court perceives no appreciable

---

[1] The limitation period shall run from the latest of--
(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. The court sentenced defendant on January 30, 2001. Defendant did not appeal. The motion to vacate, set aside or correct sentence is dated April 4, 2005, and was filed April 8, 2005.

2 - ORDER

difference. The writ is not suspended or terminated by the limitations of Section 2255. A federal prisoner, in proper circumstances, may file a habeas corpus petition under 28 U.S.C. § 2241. United States v. Valdez-Pacheco, 237 F.3d 1077, 1080, n. 4 (9th Cir. 2001). Because Section 2255 does not suspend or terminate the writ, defendant's apparent equal protection argument is rejected. Defendant's motion to vacate, set aside or correct his sentence is time-barred.

## Conclusion

Based on the foregoing, defendant's motion for release [#186] is denied; defendant's motion to vacate, set aside or correct federal sentence [#187] is denied.

IT IS SO ORDERED.

DATED this 24th day of May, 2005.

Michael R. Hogan
United States District Judge